IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL C. PEACH,         Petitioner, | § § § | |
| VS. | § § | C.A. NO. C-10-20 |
| WARDEN DAN JOSLIN,         Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is a federal prisoner currently incarcerated at the Three Rivers FCI in Three Rivers, Texas. Proceeding *pro se*, petitioner filed a petition pursuant to 28 U.S.C. § 2241, challenging his drug conviction under the savings clause of 28 U.S.C. § 2255(e) (D.E. 1). Pending is petitioner's request for appointment of counsel (D.E. 18).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). *See also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (right to appointed counsel does not extend to post-conviction proceedings). Counsel may be appointed in habeas cases when required in the interests of justice. 18 U.S.C. § 3006A(a)(2); *Santana v. Chandler*, 961 F2d 514, 516 (5th Cir. 1992). Petitioner's pleadings demonstrate that he is reasonably intelligent and articulate. He has demonstrated that he knows how to use the law library and has adequately briefed the issues in this case, which are not complex. The interests of justice do not require appointment of counsel at this time.

If petitioner's case is scheduled for an evidentiary hearing, counsel will be appointed to represent him. If the interests of justice so require at any point in this litigation, counsel will be *sua sponte* assigned.

Accordingly, petitioner's motion for appointment of counsel (D.E. 18) is denied without prejudice.

ORDERED this 20th day of April, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE