IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL C. PEACH,<br>    Petitioner | §<br>§<br>§ | |
| VS. | § | C.A. NO. C-10-020 |
| | § | |
| DAN JOSLIN, WARDEN,<br>    Respondent | §<br>§<br>§ | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Corrections Institution in Three Rivers, Texas. Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on January 14, 2010, arguing that his constitutional rights were violated during his trial and sentencing. Respondent filed a motion to dismiss on April 2, 2010 to which petitioner responded on April 19, 2010 (D.E. 16, 17). For the reasons stated herein, it is respectfully recommended that petitioner's § 2241 petition be dismissed.

## BACKGROUND

Petitioner was indicted on April 19, 1995 in the United States District Court for the District of Kansas on two counts of possession with intent to distribute a controlled substance (crack cocaine) in violation of 21 U.S.C. § 841(a)(1); two counts of unlawfully carrying and using a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924 (c) and one count of unlawfully, knowingly and willingly obstructing,

delaying and affecting commerce by robbing employees at a diner by means of actual and threatened violence, force, and fear of injury in violation of 18 U.S.C. § 1951 (Indictment, D.E. 1-1). Petitioner pleaded not guilty and over the course of three different trials was found guilty by juries on all counts.[1] The district court sentenced petitioner to 36 months of imprisonment on Counts 1 and 3 to run concurrently and 60 months on Count 4 to run consecutively to Counts 1 and 3. In addition, petitioner was sentenced to 20 years on Count 2, to run consecutively to Counts 1, 3 and 4. Petitioner was sentenced to 63 months on Count 5, to run consecutively to Counts 1, 2, 3 and 4 (Kansas D.E. 72, 113, 114).[2]

Petitioner filed a direct appeal and the Tenth Circuit affirmed petitioner's conviction on May 28, 1997. United States v. Peach, 113 F.3d 1247 (10th Cir. 1997)(unpublished). The United States Supreme Court denied certiorari on November 10, 1997. Peach v. United States, 522 U.S. 974, 118 S.Ct. 428, 139 L.Ed.2d 329 (1997)(mem.). Petitioner filed a motion for relief from judgment under 28 U.S.C. § 2255

---

[1] Before trial, the district court severed the robbery count from the drug trafficking counts. After the first trial on the drug trafficking counts petitioner was awarded a new trial on Count 2 following the United States Supreme Court decision in Bailey v. United States, 116 S.Ct. 501, 516 U.S. 137, 133 L.Ed.2d 472(1995). Petitioner was retried on Count 2 and found guilty by a jury on March 20, 1996. Petitioner was found guilty by a jury on the robbery charge on May 22, 1996 (Kansas D.E. 41, 55, 56, 68, 86, 88, 105, 113, 114).

[2] Respondent attached the docket sheet from the Kansas District Court court to his motion to dismiss (D.E. 16).

on August 24, 1998 and the district court denied the motion on November 20, 1998 (Kansas D.E. 141, 144).

On August 30, 2006 petitioner filed a motion pursuant to FED. R. CIV. P. 60(b)(4) to vacate the order denying habeas relief and on November 27, 2006 the Tenth Circuit Court of Appeals issued an order that the Rule 60(b) motion was not a second or successive § 2255 motion for which he needed prior authorization (Kansas D.E. 146, 150). The case was remanded to the district court (Kansas D.E. 151). The district court denied the Rule 60(b) motion on January 3, 2007 (Kansas D.E. 156).

On January 22, 2007 petitioner filed a motion under FED. R. CIV. P. 59(e) to alter or amend the judgment (Kansas D.E. 157). The district court denied the motion on January 23, 2007 (Kansas D.E. 158). Petitioner appealed and on July 24, 2007 the Tenth Circuit Court of Appeals denied petitioner a certificate of appealability. Peach v. United States, 241 Fed.Appx. 530, 2007 WL 2110906 (10th Cir. 2007)(unpublished).

Also in 2007, petitioner filed another Rule 60(b) motion which the district court transferred to the Tenth Circuit as an unauthorized or successive § 2255 motion. The Tenth Circuit dismissed the motion for lack of prosecution in 2009. In re Michael C. Peach, No. 07-3129 (10th Cir. June 29, 2009)(unpublished order)(See D.E. 2-1, p. 2).

On February 2, 2009 petitioner filed a petition for writ of mandamus with the Tenth Circuit and the petition was denied on February 23, 2009 (Kansas D.E. 180, 181). On January 4, 2010 the Tenth Circuit denied petitioner authorization to file a successive

motion for relief under 28 U.S.C. § 2255. In re Peach, No. 09-3342, slip op. at 3 (10th Cir., Jan. 4, 2010)(D.E. 2-1, pp. 2-5).

Petitioner filed two applications for habeas corpus relief under 28 U.S.C. § 2241 in this court on January 14, 2010 (D.E. 1). The cases were consolidated under the case number 2:10-cv-20 on February 3, 2010 (D.E. 12). Petitioner presented the following claims: (1) Under Amendment 709 to the United States Sentencing Guidelines ("USSG") his sentence should be reduced from 399 months to 300 months (D.E. 1); (2) The government violated his due process rights when it failed to disclose to the grand or petit juries that he was not found with enough cocaine to indict and prosecute him under 21 U.S.C. § 841(a)(1) for possession with intent to distribute crack cocaine; (3) The government acted fraudulently and deceitfully when it put in the indictment only that he possessed "an amount" of cocaine when it was known that the amounts he possessed, 1.19 grams and 1.41 grams, were too small for him to be punished under 21 U.S.C. § 841(a)(1)(B); (4) If petitioner's convictions under 21 U.S.C. 841 are vacated, his conviction under 18 U.S.C. § 924(c) would not be authorized under the statute.

In his motion to dismiss, respondent argues that (1) petitioner is not entitled to rely on the "savings clause" of 28 U.S.C. § 2255 to bring this action and (2) Amendment 709 of the USSG does not apply to petitioner's sentence.

In his response to the motion to dismiss, petitioner concedes that Amendment 709 to the USSG does not apply to him. He argues that he is actually innocent of the charge for which he is currently incarcerated because the government failed to specify the

amount of drugs he had in the indictment and that he can bring his actual innocence claim pursuant to 28 U.S.C. § 2241.

## APPLICABLE LAW

The Fifth Circuit has explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241 as follows:

> Section 2255 is the primary means of collaterally attacking a federal sentence. Section 2241 is used to attack the manner is which a sentence is executed. A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255. Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes the remedy under § 2255 is inadequate or ineffective.
>
> We join our sister circuits that have held that a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement does *not* make § 2255 inadequate or ineffective. [Petitioner] is simply attempting to circumvent the limitations on filing successive § 2255 motions.

Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000)(per curiam)(italics in original)(internal citations omitted). See also Pack v. Yusuff, 218 F.3d 448, 452-54 (5th Cir. 2000).

Accordingly, a § 2241 petition which attacks errors that occurred at trial or sentencing must either be dismissed, or construed as a § 2255 motion to vacate, set aside, or correct a sentence. Pack, 218 F.3d at 452. There is an exception to this rule, however, as discussed in Tolliver. A § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective," thereby invoking the savings clause of § 2255. Tolliver, 211 F.3d at 878.

The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial or sentencing in a petition filed under § 2241. The Fifth Circuit has explained the test as follows:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that the 'remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention.' Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)(italics in original)(citing Pack, 218 F.3d at 452). Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. Id. at 901 (citing Pack, 218 F.3d at 452; Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000)). Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and Effective Death Penalty Act. Pack, 218 F.3d at 452-453 (citations omitted). Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is

6

insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy. Id. at 453.

Here, petitioner's claim attacks proceedings before and during sentencing, meaning the relief he seeks is not available under § 2241, but under § 2255. He recognizes this, but argues that a federal prisoner can bring a claim under § 2241 if § 2255 is inadequate and ineffective. Petitioner claims that he may proceed under the § 2255 savings clause because he is raising claims based on a retroactively applicable Supreme Court decision set forth in Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

However, petitioner raised this same issue when he attempted to bring a successive § 2255 action in the Tenth Circuit. There, the court held that petitioner did not meet the requirements for authorization because he failed to identify any new evidence and rather than cite to a new rule of constitutional law, argued only that he had recently learned of new law that related to his case. In re Peach, No. 09-3342, slip op. at 3 (D.E. 2-1, pp. 2-5). Accordingly, under Pack petitioner cannot now turn to § 2241 to try and do what he could not through his § 2255 cause of action.

In addition, even if petitioner's cause of action were not foreclosed by Pack, he has not shown that the decision in Neder is retroactively applicable on collateral review. In Neder, the Supreme Court held that materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes. Neder, 527 U.S. at 25, 119 S.Ct. at 1841.

7

Petitioner pointed to no Fifth Circuit law and none was found where it has been held that Neder is retroactively applicable on collateral review.[3]

The Seventh Circuit Court of Appeals held in Mankarious v. United States, 282 F.3d 940, 943 (7th Cir. 2002), that Neder did not apply retroactively on collateral review because it did not fit the criteria for retroactive applicability set forth in Teague v. Lane, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 344 (1989).  Under Teague, with two exceptions, new constitutional rules of criminal procedure are not applicable to cases that are final when the new rule is announced.  See Teague, 489 U.S. at 310, 109 S.Ct. at 1075.  The first exception applies to new rules that place certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.  The second exception applies to new rules that define procedures implicit in the concept of ordered liberty, or "watershed rules of criminal procedure."  Id., 489 U.S. at 311, 109 S.Ct. at 1075-1076.

The Mankarious court held that before Neder, materiality was an element of wire fraud in the Seventh Circuit, as held in United States v. Coffman, 94 F.3d 330, 335 (7th Cir. 1996).  Therefore, the only change that Neder precipitated in that circuit was requiring that a separate instruction on materiality be given to juries.  For that reason, and because Neder did not fall within an exception to Teague, it was not available on collateral review.  Mankarious, 282 F.3d at 943.

---

[3]In addition, it is unclear how the holding in Neder would affect the outcome of petitioner's case.

In an unpublished Louisiana District Court case, the court found that Neder is not retroactively applicable in the Fifth Circuit because the Fifth Circuit had previously required that the government prove that statements made in a 18 U.S.C. § 1344 bank fraud charge be material. United States v. Sellers, No. Civ.A. 93-327, 1999 WL 756987 at *1 (E.D. La, Sept. 24, 1999)(citations omitted). Neder affirmed that conclusion and additionally required that the determination of materiality be made by the jury and not the judge. Id.

The court likened the change to that made in United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) where the Supreme Court held that since materiality was an element of the offense of making a false statement under 18 U.S.C. § 1001, it was a question for the jury rather than the judge. In United States v. Shunk, 113 F.3d 31 (5th Cir. 1997), the Fifth Circuit concluded that Gaudin made a procedural and not a substantive change in the law and did not change what the government must prove, but simply changed the fact-finder from the judge to the jury. Sellers, 1999 WL 756987 at *1. Because the change was procedural, it triggered the Teague analysis. Id.

The Fifth Circuit then concluded that under Teague, requiring the government to prove materiality to the jury rather than the judge was not a "watershed" rule of criminal procedure. Therefore, the Gaudin holding was not retroactive on collateral review. Sellers, 1999 WL 756987 at *1 (citing Teague, 489 U.S. at 307, 311, 313, 109 S.Ct. at 1073, 1076, 1077 and Shunk). Based on Shunk, the Sellers court held that Neder is not

9

retroactive for the same reason that Gaudin was not retroactive.  Sellers,1999 WL 756987 at *2.[4]

In this case, there is no Fifth Circuit law on point and the reasoning in Mankarious and Sellers is persuasive.  Accordingly, it is recommended that petitioner's cause of action be dismissed for the same reason set forth in Sellers--that Neder is not retroactively applicable on collateral review.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that respondent's motion to dismiss (D.E. 16) be granted.  Petitioner's 28 U.S.C. § 2241 cause of action should be dismissed because he has failed to show that he is entitled to bring it under the savings clause of 28 U.S.C. § 2255 and also because he has failed to show that Neder is retroactively applicable on collateral review.

Respectfully submitted this 10th day of September, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[4] Compare Castro v. United States, 248 F.Supp. 1170 (S.D. Fla. 2003)(To the extent that Neder heralded a change in the Eleventh Circuit's substantive law of federal mail, wire and bank fraud, it is not barred from retroactive application on collateral review.)

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).